Steven A. Nielsen, Esq., CSB #133864
   steve@nielsenpatents.com
Sara B. Allman, Esq., CSB #107932
 **ALLMAN & NIELSEN**
A Professional Corporation
100 Larkspur Landing Circle, Suite 212
Larkspur, CA  94939-1743
Telephone:    (415) 461-2700
Facsimile:     (415) 461-2726

Attorneys for Plaintiff
Kathy Kamei, an individual

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Kathy Kamei, an individual<br><br>        Plaintiff,<br>   vs.<br><br>John Hardy Limited, an alien corporation of the British Virgin Islands, and Roes 1-100<br><br>        Defendants. | Case No.: C 07-04937<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**1ST CAUSE OF ACTION:** For Declaratory Judgment of Non-Infringement of Copyright; Declaratory Judgment Act, 28 U.S.C. § 2201; Federal Question 28 U.S.C § 1331<br><br>**2nd CAUSE OF ACTON:** For Judgment of Invalidity of Copyright 17 U.S.C. § 101 et seq<br><br>**DEMAND FOR JURY TRIAL** |

   Plaintiff, Kathy Kamei, an individual, ("Kamei" or "Plaintiff") as and for her

complaint against Defendants John Hardy Limited, ("Hardy") an alien corporation of the

-1-                    ALLMAN & NIELSEN, P.C.
                                        100 Larkspur Landing Circle
                                        Suite 212
                                        Larkspur, CA  94939
                                        Telephone: (415) 461-2700 Facsimile: (415) 461-2726

**COMPLAINT FOR DECLARATORY JUDGEMENT**
Kamei et al vs. John Hardy Ltd. et al C 07-04937

British Virgin Islands, and Roes 1-100 (collectively "Defendants") alleges as follows:

## JURISDICTION

1. This is an action for a declaratory judgment that Plaintiff has not infringed and is not infringing certain described copyrights owned by Defendants by reason of Plaintiff's sale of certain jewelry described herein.

2. This court has original jurisdiction over the claim for declaratory relief under 28 U.S.C. Sections 1331, 1338 and 2201 because Plaintiff brings the action to determine a question of actual controversy between the parties arising under the copyright laws of the United States.

3. Jurisdiction of the Court is additionally based on 28 U.S.C. § 1332 (Diversity of Citizenship) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a State and a corporate citizen or subject of a foreign state, namely, the British Virgin Islands.

## VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) (2) as this is the district in which a substantial part of the events or omissions giving rise to the claims occurred, and where a substantial part of the property that is the subject of the action is situated.

## INTRADISTRICT ASSIGNMENT

5. Pursuant to Civil Local Rule 3-2(c) and (d), this action may properly be assigned to the San Francisco Division, as this action arose in the county of Marin.

6. Hardy regularly does business in this judicial district and division by marketing its jewelry products through retail stores including Neiman Marcus at 150

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

COMPLAINT FOR DECLARATORY JUDGEMENT
Kamei et al vs. John Hardy Ltd. et al C 07-04937

Stockton Street, San Francisco, CA 94108 and Saks Fifth Avenue at 384 Post Street San Francisco, CA 94108. Still further, Hardy is an alien corporation and thus may be sued in any district pursuant to 28 U.S.C. § 1391(d).

## PARTIES

7. Plaintiff Kathy Kamei ("Kamei") is an individual and the sole proprietor of Kathy Kamei Designs with her principal place of business and home in Marin County, California.

8. Kamei once lived in Bali and now makes and sells jewelry based on the ancient folk art of Bali (Indonesia) and other ancient cultures.

9. On information and belief, Defendant John Hardy Limited is ("Hardy") is an alien corporation of the British Virgin Islands with its principal place of business at 17/F Wilson House, 19 Wyndham Street, Central, Hong Kong.

10. Based on information and belief, Mr. John Hardy, and his former wife Ms. Cynthia Hardy lived in Bali and perhaps continue to live in or visit Bali.

11. While living in Bali, Kamei had various interactions with Mr. and Ms. Hardy.

12. Kamei's ex-husband was a physician and provided care to the Hardy children.

13. Kamei and Mr. Hardy have had a falling out.

14. Based upon information and belief, Hardy has enjoyed great success in manufacturing jewelry based on the folk art of Bali and other ancient cultures.

-3-    ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA  94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

COMPLAINT FOR DECLARATORY JUDGEMENT
Kamei et al vs. John Hardy Ltd. et al C 07-04937

# I. FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHT
### (DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201)

15. Plaintiff incorporates herein by reference, as though fully set forth at length, all allegations contained in of paragraphs 1 through 14 of this complaint.

16. Robert P. Oppenheim, outside counsel for Hardy, acting on behalf of Hardy, made recent threats to sue Kamei for infringement of copyrights owned by Hardy.

17. Oppenheim's letter of September 14, 2007 to Kamei threatens to commence legal proceedings if Kamei fails to fully comply with each and every demand set forth in Oppenheim's letter of September 11, 2007.

18. Oppenheim's letter of September 14, 2007 is attached to this complaint as Exhibit A.

19. Oppenheim's letter of September 14, 2007 is a non-privileged document.

20. Oppenheim's letter of September 14, 2007 states in part:

I hereby reiterate each and every demand set forth in my letter of September 11, 2007. In the event that you do not fully comply with the demands in said letter by the deadline set forth therein, we will turn this matter over to litigation counsel and instruct them to commence legal proceedings. .

21. On September 12, 2007, 8:44 AM , Kamei received an unprivileged email from Oppenheim's office suggesting that Kamei get in touch with John and Cynthia Hardy by the date indicated in Oppenheim's demand letter. The email made reference to the demands set forth in Oppenheim's letter of September 11, 2007.

22. A copy of three emails exchanged between Oppenheim's office and Kamei is attached hereto as Exhibit B.

23. On or about September 20, 2007 Oppenheim and Steven A. Nielsen, counsel for Kamei, had two pleasant and courteous telephone conversations.

-4-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

**COMPLAINT FOR DECLARATORY JUDGEMENT**
Kamei et al vs. John Hardy Ltd. et al C 07-04937

24. During the course of the two conversations, Oppenheim restated the substance of his September 14, 2007 letter, indicating that if Hardy's demands were not addressed to the satisfaction of Hardy, the matter would be turned over to Hardy's litigation counsel, Barbra A. Solomon of Fross Zelnick Lehrman & Zissu, P.C. of New York.

25. As a result of Hardy's actions, there is an actual controversy between Plaintiff and Defendants as to the parties' rights and legal relations associated with Kamei's ongoing sales of jewelry.

26. Kamei has a reasonable and real apprehension that she faces an immediate lawsuit by Hardy.

27. Kamei engages in present activity which could arguably constitute infringement of Hardy's purported copyrights; however, Kamei denies any such infringement and questions the legality of Hardy's purported copyrights.

28. Kamei's alleged infringement of Hardy copyrights or other purported intellectual property rights is supported in the allegations contained in and/or referenced in Oppenheim's letter of September 14, 2007.

29. An actual case or controversy exists within the meaning of 28 U.S.C. § 2201 as to whether Kamei's marketing and selling of jewelry infringes upon Defendants' copyrights.

30. Hardy's conduct has restricted Kamei to an *in terrorem* choice between the incurrence of a growing potential liability for copyright infringement and abandonment of her current jewelry enterprise.

31. In an effort to avoid the uncertainties created by Hardy, such as reservation of funds for copyright infringement damages, and the looming specter of

-5-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

COMPLAINT FOR DECLARATORY JUDGEMENT
Kamei et al vs. John Hardy Ltd. et al C 07-04937

1  litigation, Kamei seeks a declaratory judgment of non-infringement of Hardy's copyright

2  registrations.

3     32.    Kamei does not engage in any activities that harm or threaten any lawful

4  rights of Defendants and Kamei is entitled to a declaration to that effect in this action.

5     33.    Kamei seeks a declaration of non-infringement with respect to her jewelry

6  shown on Exhibit C as compared to Hardy's jewelry shown and described in Exhibit D.

7     34.    Upon information and belief, four of Hardy's designs included in Exhibit

8  D have the following copyright registrations, dates of registration and descriptions:

9    a) VA1-322-948    12/20/2004    Teardrop Pendant

10   b) VA1-371-475    5/26/2006    Large Flat Hoop Earrings

11   c) VA1-322-943    7/19/2004    Silver Kali Contour Ring

12   d) VA1-158-160    10/3/2002    Silver Kali Saddle Ring

13   35.    Kamei's jewelry shown on Exhibit C is not substantially similar to the

14  Hardy jewelry shown and described on Exhibit D.

15   36.    Kamei's jewelry shown on Exhibit C is does not infringe upon any

16  copyrights of Hardy's jewelry shown and described on Exhibit D.

17   37.    Kamei's jewelry shown on Exhibit C may be described as follows:

18   a) Life Circles Wrist Piece

19   b) The Body and Spirit Cross

20   c) Double Life Circle

21   d) Perfection in Imperfection

22   e) Double Life Earrings

23   f) Paparazzi Earrings

24   g) Life Circle Earrings

25

**ALLMAN & NIELSEN, P.C.**
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

**COMPLAINT FOR DECLARATORY JUDGEMENT**
Kamei et al vs. John Hardy Ltd. et al C 07-04937

h) Perfection Ring

i) Be the Change Necklace

38.     Hardy jewelry shown on Exhibit D may be described as follows:

a) Diamond Pave Teardrop Earring   VA1-322-948

b) Diamond Pave Teardrop Pendant   VA1-322-948

c) Dot Gold & Silver Large Cross Pendant Ch96

d) Nuansa Small Round Drop Earrings

e) Nuansa Round Chandelier Earrings

f) Pierced Hoop Earrings

g) Large Flat Hoop Earrings      VA1-371-475

h) Silver Kali Contour Ring      VA1-322-943

i) Silver Kali Saddle Ring       VA1-158-160

j) Ball Sautoir Necklace         VA1-359-903

## II.    SECOND CAUSE OF ACTION FOR DECLARATORY JUDGMENT OF INVALIDITY OF COPYRIGHTS

39.     Plaintiff incorporates herein by reference, as though fully set forth at length, all allegations of Paragraphs 1 through 38 of this complaint.

40.     Hardy purportedly holds visual art copyright registrations for certain double coil jewelry known as Dot Silver & 18K Gold Diamond Pave Double Coil Ring VA1-322-948 and 18K Yellow Gold Diamond Pave Double Coil Ring VA 1-286-234 as further shown and described on Exhibit E and sometimes referred to herein as the "Dot Pave Double Coil Jewelry" or "Armadillo Double Coil Jewelry".

-7-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA  94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

COMPLAINT FOR DECLARATORY JUDGEMENT
Kamei et al vs. John Hardy Ltd. et al C 07-04937

41. Hardy's Dot Pave Double Coil Jewelry is based on ancient and well known Bali / Indonesian designs of using "dots" of material on jewelry.

42. The spiraling shape of Hardy's Dot Pave Double Coil Jewelry is well known in the art.

43. Upon information and belief, Hardy has obtained Visual Art registrations VA1-322-948 and VA 1-286-234 on the basis that Hardy's Dot Pave Double Coil Jewelry is sculpture.

44. Pictorial, graphic and sculptural works can receive copyright protection. 17 U.S.C. § 102 (a) (5). However, such copyright does not fully extend to works that are "useful articles." 17 U.S.C. 101. Only sculptural elements that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article receive copyright production. Id.

45. Copyright does not extend to an element of an article if it has any intrinsic utilitarian function. *Fabrica, Incl. v. El Dorado Corp.*, 697 F.2d. 890, 893 (9th Cir. 1983)

46. The spiraling shape of Hardy's Dot Pave Double Coil Jewelry serves the functional utilitarian purpose of securing the ring to the wearer's finger, thus making the spiraling shape not subject to copyright protection.

47. Hardy's Dot Pave Double Coil Jewelry consists of an obvious combination of known components, dots and a spiral shape, and thus lacks the requisite creativity and originality to warrant copyright registration.

48. All Hardy products included in Exhibit D lack the necessary originality to obtain, maintain or hold copyright registrations.

-8-

**ALLMAN & NIELSEN, P.C.**
100 Larkspur Landing Circle
Suite 212
Larkspur, CA  94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

**COMPLAINT FOR DECLARATORY JUDGEMENT**
Kamei et al vs. John Hardy Ltd. et al C 07-04937

49.     Upon information and belief, Hardy holds the following Visual Art copyright registrations:

a) VA1-322-948     12/20/2004     Teardrop Pendant

b) VA1-371-475     5/26/2006     Large Flat Hoop Earrings

c) VA1-322-943     7/19/2004     Silver Kali Contour Ring

d) VA1-158-160     10/3/2002     Silver Kali Saddle Ring

e) VA1-322-949     12/20/2004     Dot Silver and 18K Gold Diamond Pave Double Coil Ring

f) VA1-286-234     11/8/2004     18K Yellow Gold Diamond Pave Double Coil Ring

g) VA1-359-903     03/30/2006     Ball Sautoir Necklace

collectively referred to herein as the "Hardy VA Registrations".

50.     The Hardy VA Registrations are subject to the Visual Artists Rights Act of 1990, title VI of the Judicial Improvements Act of 1990, Pub. L. No. 101-650, 104 Stat. 5089, 5133, enacted December 1, 1990.

51.     Section 101 of 17 U.S.C. defines a "work of visual art" as (1) a painting, drawing, print or sculpture exiting in a single copy or limited edition of 200 copies or fewer.

52.     Upon information and believe, all of the jewelry embodied in the Hardy VA Registrations have been produced by Hardy in editions larger than 200 copies.

53.     Section 101 of 17 U.S.C. defining a "work of visual art" at (B) excludes any "work made for hire" as a "work of visual art".

54.     Section 101 of 17 U.S.C. defines a "work made for hire" as (1) a work prepared by an employee with the scope of his or her employment…"

55.     Upon information and belief, Hardy hired employees who, in the scope of their employment, created the designs embodied in the Hardy VA Registrations.

56.     Upon information and believe, Hardy has hired employees who, as part of their scope of work, produced the jewelry portrayed in the Hardy VA Registrations.

-9-     **ALLMAN & NIELSEN, P.C.**
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

**COMPLAINT FOR DECLARATORY JUDGEMENT**
Kamei et al vs. John Hardy Ltd. et al C 07-04937

57. Some or all of Hardy's VA Registrations do not comply with the Visual Artists Rights Act of 1990 and should be cancelled by the Court.

**PRAYER FOR RELIEF**

58. Plaintiff requests that judgment be entered in its favor and against Defendants as follows:

59. That the Court declare that Plaintiff's jewelry works,

a. Life Circles Wrist Piece

b. The Body and Spirit Cross

c. Double Life Circle

d. Perfection in Imperfection

e. Double Life Earrings

f. Paparazzi Earrings

g. Life Circle Earrings

h. Perfection Ring

i. Be the Change Necklace

do not infringe upon Defendant's copyrights

| | | |
|---|---|---|
| VA1-322-948 | 12/20/2004 | Teardrop Pendant |
| VA1-371-475 | 5/26/2006 | Large Flat Hoop Earrings |
| VA1-322-943 | 7/19/2004 | Silver Kali Contour Ring |
| VA1-158-160 | 10/3/2002 | Silver Kali Saddle Ring |
| VA1-359-903 | 3/30/2006 | Ball Sautoir Necklace |

60. That the court declare that Defendants' copyright registrations for "Dot Silver & 18K Gold Diamond Pave Double Coil Ring" VA1-322-948 and "18K Yellow

-10-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

COMPLAINT FOR DECLARATORY JUDGEMENT
Kamei et al vs. John Hardy Ltd. et al C 07-04937

Gold Diamond Pave Double Coil Ring" VA 1-286-234 are invalid and order cancellation of Defendants' copyright registrations;

    61.    That the court declare that Defendants' copyright registrations:

a) VA1-322-948                  Teardrop Pendant

b) VA1-371-475                  Large Flat Hoop Earrings

c) VA1-322-943                  Silver Kali Contour Ring

d) VA1-158-160                  Silver Kali Saddle Ring

e) VA1-359-903                  Ball Sautoir Necklace

are invalid and order cancellation of Defendants' copyright registrations.

    62.    That the Court award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

    63.    For such further relief as the Court deems just and proper.

Dated: September 24, 2007            ALLMAN & NIELSEN, P.C.

By: /s/ Steven A. Nielsen
Steven A. Nielsen, Esq.
Attorneys for Plaintiff
Kathy Kamei

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

**COMPLAINT FOR DECLARATORY JUDGEMENT**
Kamei et al vs. John Hardy Ltd. et al C 07-04937

1   **DEMAND FOR JURY TRIAL**

2       Plaintiff Kathy Kamei hereby demands a trial by jury.

3   Dated: September 24, 2007                    ALLMAN & NIELSEN, P.C.

5                                   By: /s/ Steven A. Nielsen

6                                       Steven A. Nielsen, Esq.
                                        Attorneys for Plaintiff Kathy Kamei
7
                                        100 Larkspur Landing Circle, Suite 212
8                                       Larkspur, CA, 94939
                                        Telephone: (415) 461-2700
9                                       Facsimile:  (415) 461-2726

**COMPLAINT FOR DECLARATORY JUDGEMENT**
Kamei et al vs. John Hardy Ltd. et al C 07-04937